Filed 10/16/14  P. v. Larios CA6

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SIXTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>GREG FRED LARIOS,<br><br>    Defendant and Appellant. | H040755<br>(San Benito County<br>Super. Ct. No. CR1300231) |

Pursuant to a plea agreement, defendant Greg Fred Larios pleaded no contest to possession of methamphetamine for sale (Health & Saf. Code, § 11378, count 4) and admitted a prior strike conviction (Pen. Code, § 667, subds. (b)-(i)),[1] a criminal street gang enhancement (§ 186.22, subd. (b)(1)(A)) and a prior serious felony conviction (§ 667, subd. (a)(1)).

Larios was sentenced to a total term of 15 years in prison, consisting of the upper term of three years on count 4, doubled to six years by the strike prior, consecutive to the upper term of four years for the criminal street gang enhancement and five years for the prior serious felony conviction.  He also received a concurrent one year sentence for a probation violation in a separate case.  Larios was awarded credits and ordered to pay various fines and fees.

We appointed counsel to represent Larios in this court.  Appointed counsel filed an opening brief which states the case and the facts, but raises no specific issues.

---

[1] Further unspecified statutory references are to the Penal Code.

We notified Larios of his right to submit written argument in his own behalf within 30 days, and he has filed a letter brief arguing his trial counsel was ineffective and, consequently, his plea was involuntary.

## I.    FACTUAL AND PROCEDURAL BACKGROUND

Shortly after 1:00 a.m. on February 15, 2013, a City of Hollister police officer was on patrol when he saw a red two-door sedan without a front license plate. The officer initiated a vehicle stop. The vehicle pulled over and the driver, subsequently identified as Larios, got out of the car and ran. As he exited the vehicle, the officer saw Larios drop a black elongated item, which was later found to be a knife with a six-inch fixed blade. As the officer chased after Larios, he observed Larios drop a silver/chrome colored item, later found to be a loaded nine-millimeter/.380-caliber pistol. Other officers joined the pursuit and, upon being cornered, Larios threw several small items, including a cell phone, aside and raised his hands. The cell phone contained messages potentially involving the sale of drugs.

After Larios was arrested, the arresting officer contacted a female, Priscilla Rodarte, who had been inside the car with Larios. Rodarte had four dots tattooed on the fingers of her left hand and one dot tattooed on her right middle finger. The officer believed these tattoos were representative of the Nortenos street gang which claims the number 14. Rodarte denied knowledge of any weapons and said she had been picked up by Larios at a friend's house. She was later released without charge.

Officers conducted an inventory search of the vehicle Larios was driving and found a blue pouch clipped to the driver side door. Inside the pouch was a plastic baggy with two bindles of what appeared to be crystal methamphetamine and two baggies containing Vicodin and Oxycontin pills. A camouflage-colored pouch on the driver side floor contained .380-caliber ammunition, and officers found a digital scale in the center console.

Larios was booked into jail, where his clothing and tattoos were photographed. At the time of his arrest, Larios was wearing a red/black sweater over a red/black t-shirt with the logo "Nor Cal," and was carrying a red bandana. Larios had the word "northern" tattooed across his stomach and "Hollis" tattooed across his chest, both of which terms are associated with Nortenos.

Officers subsequently determined that the vehicle Larios had been driving was a 1984 Pontiac Grand Prix with Mississippi license plates, which belonged to Elizabeth Castellanos. According to Castellanos, her husband was friends with Larios. When she returned from a trip to Mexico with her children, she found her car gone and believed Larios had stolen it.

Larios was charged by complaint (deemed an information) with transportation/sale of methamphetamine (Health & Saf. Code, § 11379, subd. (a), count 1); sale/transportation of Vicodin (*id*., § 11352, subd. (a), count 2); sale/transportation of Oxycontin (*ibid*., count 3); possession of methamphetamine for sale (*id*., § 11378, count 4); possession of Vicodin for sale (*id*., § 11351, count 5); possession of Oxycontin for sale (*ibid*., count 6); possession of a controlled substance with a firearm (*id*., § 11370.1, subd. (a), count 7); possession of a firearm by a felon (§ 29800, subd. (a)(1), count 8); possession of a firearm by a felon previously convicted of a violent felony (§ 29900, subd. (a)(1), count 9); possession of ammunition (§ 30305, subd. (a)(1), count 10); and the unlawful taking of a vehicle (Veh. Code, § 10851, subd. (a), count 11).

The following sentencing enhancements were also alleged: (1) as to counts 1, 2, 3, 4, 5, 6, and 11, Larios was personally armed with a firearm during the commission of those offenses (§ 12022, subds. (a)(1), (c)); (2) all of the offenses were committed for the benefit of, at the direction of, and in association with a criminal street gang (§ 186.22, subd. (b)(1)(A)); (3) Larios suffered a prior "strike" conviction (§ 667, subds. (b)-(i)); (4) Larios suffered a prior serious felony conviction (§ 667, subd. (a)(1)); and (5) Larios served a prior prison term (§ 667.5, subd. (b)).

On October 24, 2013, pursuant to a plea agreement, Larios pleaded no contest to count 4 (possession of methamphetamine for sale (Health & Saf. Code, § 11378)) and admitted the truth of the criminal street gang; prior serious felony; and prior strike allegations. In accordance with the terms of the agreement, the remaining counts and allegations were stricken and three separate pending cases against Larios were dismissed. Larios was not promised any specific sentence under the terms of the agreement, but he was advised that the maximum possible sentence allowed by law was 15 years in prison.

Prior to sentencing, Larios filed a *Romero*[2] motion, which was denied. The trial court sentenced Larios to 15 years in prison, consisting of the upper term of three years on count 4 doubled to six years as a result of the prior strike conviction plus an additional five years for the serious felony enhancement and an additional four years (the upper term) for the gang enhancement. The court awarded Larios 416 days of presentence custody credits.[3]

Larios' letter brief states a claim of ineffective assistance of counsel, indicating that he received "bad advice about a plea offer" from a "stand in" defense counsel. Larios' second claim that his plea agreement was not intelligent or voluntary appears to be founded on this same premise, i.e., that he received "bad advice" about the plea itself. Neither of these claims can be resolved on the appellate record before us. The California Supreme Court has "repeatedly stressed 'that "[if] the record on appeal sheds no light on why counsel acted or failed to act in the manner challenged[,] . . . unless counsel was asked for an explanation and failed to provide one, or unless there simply could be no satisfactory explanation," the claim on appeal must be rejected.' [Citations.] A claim of

---

[2] *People v. Superior Court* (*Romero*) (1996) 13 Cal.4th 497.
[3] Subsequent to the filing of the notice of appeal, Larios filed a motion in the trial court seeking the correction of his presentence credits. That motion was granted and he was awarded an additional 328 credits for a total of 744 credits.

ineffective assistance in such a case is more appropriately decided in a habeas corpus proceeding." (*People v. Mendoza Tello* (1997) 15 Cal.4th 264, 266-267.)

Pursuant to *People v. Wende* (1979) 25 Cal.3d 436 and *People v. Kelly* (2006) 40 Cal.4th 106, we have reviewed the whole record and have concluded there is no arguable issue on appeal.

## II.    DISPOSITION

The judgment is affirmed.

_____
Premo, J.

WE CONCUR:



_____
Rushing, P.J.



_____
Elia, J.